**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAMON J. BALDONE, LLC,** | * | **CIVIL ACTION NO.: 2:22-cv-01903** |
| ***Plaintiff,*** | * | **SECTION: "O" (4)** |
| **vs.** | * | **JUDGE: BRANDON S. LONG** |
| **STARR SURPLUS LINES INSURANCE COMPANY, et al,** | * | **MAGISTRATE JUDGE: KAREN WELLS ROBY** |
| ***Defendants.*** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANTS' MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STAY MAGISTRATE JUDGE'S ORDER (REC. DOC. 133) ON PLAINTIFF'S MOTION TO COMPEL (REC. DOC. 119) PENDING OBJECTIONS AND MOTION FOR REVIEW UNDER RULE 72(a) OF MAGISTRATE'S ORDER AND REQUEST FOR EXPEDITED CONSIDERATION**

On May 1, 2024, the Magistrate Judge issued an oral order requiring that Defendants supplement their privilege logs and submit revised logs to the Magistrate Judge for *in camera* review. On May 14, 2024, Defendants provided their revised privilege logs to the Magistrate. Subsequently, on June 6, 2024 the Magistrate Judge requested that Defendants produce 23 pages of documents for her review. Defendants complied and provided those documents to the Magistrate Judge on June 7, 2024.

On June 12, 2024, the Magistrate issued the Order at issue (Rec. 133). The Magistrate ordered Defendants to produce 11 (10 of which Defendants contend contain privileged information) of the 23 pages of documents that the Magistrate Judge had reviewed *in camera*. However, the Magistrate also ordered Defendants to produce an additional 125 pages of documents that the Magistrate Judge had never requested for review, and thus apparently based solely on the Magistrate's analysis of Defendants' revised privilege logs.

The Magistrate Judge's June 12, 2024 Order requires that Defendants produce documents by 4:00 p.m. on June 14, 2024 (Rec. 133). Given this short time period, together with the irreparable harm and unfair prejudice that will result to Defendants upon production of those documents, Defendants hereby request that the Court issue a stay pending the District Judge's consideration of Defendants' Objections and Motion for Review of the Magistrate's Order.

A court has the inherent power to grant a stay and control its docket. *See Coastal (Bermuda), Ltd. V. E. W. Saybolt & Co,* 761 F. 2d 198, 203 n. 6 (5th Cir. 1985); *David v. Signal Int'l, LLC,* 37 F. Supp. 3d 836, 840 (E.D. La. 2014). An appeal of a magistrate judge's order does not automatically stay the order and the party requesting a stay must meet specific criteria to justify the issuance of a stay by the court. *See, Louisiana State Conference of National Association for the Advancement of Colored People v. Louisiana*, 495 F. Supp. 3d 400 (M.D. La. 2020). "The power to grant a stay pending review" has been "described as part of a court's 'traditional equipment for the administration of justice.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) quoting *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 9-10 (1942). Factors considered include the likelihood of success on the merits, potential irreparable injury to the applicant if the stay is not granted, harm to other parties involved, and where the public interest lies. *Id.*

Here, the applicable factors heavily weigh in favor of this Court granting a stay to consider Defendants' Motion for Review of the Magistrate's Order

First, Defendants are likely to succeed on the merits of their objections to the Magistrate's Order as the documents at issue are clearly privileged as protected attorney-client communications or attorney work-product exposing legal strategies. Moreover, the Magistrate Judge has not reviewed *in camera* 125 pages of privileged documents before ordering production of them. The Magistrate's June 12, 2024 Order to produce privileged documents that have not been reviewed *in*

*camera* is clearly erroneous, because the Magistrate Judge should have reviewed those documents for privilege before ordering them produced. *Gulf Coast Facilities Mgmt., L.L.C. v. BG LNG Servs., L.L.C.*, No. CV 09-3822, 2010 WL 11707290, at *3 (E.D. La. Mar. 24, 2010). ("The Court must examine each document to determine whether any constitute confidential communications for the purpose of facilitating the provision of legal advice."). The need for *in camera* review is particularly important here given the irreparable harm that results from production of privileged documents, as discussed below.

Second, irreparable injury will result to Defendants if privileged and highly sensitive documents are produced to Plaintiff. Possible subsequent orders requiring return or non-use at trial of such privileged documents are not sufficient to address or cure the prejudice that will result to Defendants if privileged documents are produced. *See In re Lott*, 139 F. App'x 658, 662 (6th Cir. 2005) (recognizing "that forced disclosure of privileged material may bring about irreparable harm. . . . The cat is already out of the bag. . . . There is no way to unscramble the egg scrambled by the disclosure. . . .") (internal quotation marks and citations omitted); *American Soc. of Pension Actuaries v. IRS,* No. 90-0683, 1990 U.S. Dist. LEXIS 13792, at *2 (U.S.D.C. Oct. 15, 1990) ("Without a stay, an eventual Court of Appeals ruling favorable to the IRS would be practically meaningless. Once the documents are released to ASPA, the genie of their contents cannot be put back into the IRS's bottle.")

Third, there is no trial date set and this matter is still part of the Court's Hurricane Ida Case Management Order and has not been certified to be placed on a trial docket. Thus, there is no prejudice to the Plaintiff from a delay to address Defendants' objections to the Magistrate's Order.

Fourth, the public-interest factors do not weigh against a stay. Indeed, the attorney-client privilege is one of the oldest recognized privileges for confidential communications. *Swidler & Berlin*

*v. United States*, 524 U.S. 399, 402, 118 S. Ct. 2081, 141 L. Ed. 2d 379 (1998); *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981); *Smith v. Kavanaugh, Pierson & Talley*, 513 So. 2d 1138, 1142 (La. 1987); *State v. Green*, 493 So. 2d 1178, 1180 (La. 1986); *State v. Fleury*, 545 So. 2d 1208, 1210 (La. App. 4 Cir. 1989). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn Co.*, 449 U.S. at 389; *Smith*, 513 So. 2d at 1142. The privilege further promotes compliance with the law. *Id.* Granting a stay pending the District Judge's consideration of Defendants' Objections and Motion for Review of the Magistrate's Order will safeguard the attorney-client privilege and attorney work-product immunity and will uphold the public-interest considerations underlying them.

**WHEREFORE**, for the reasons set forth above, Defendants respectfully pray that the Court immediately stay the Magistrate Judge's June 12, 2024 Order (Rec. Doc. 133) pending the District Judge's ruling on Defendants' Objections and Motion for Review of that Order under Fed. R. Civ. P. 72(a).

Respectfully submitted,

*/s/ Leah N. Engelhardt*
Leah N. Engelhardt (#23232)
Valerie M. Andrews (#39466)
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6054
Email: engelhardt@chaffe.com
valerie.andrews@chaffe.com

***Attorneys for Defendants, Starr Surplus Lines Insurance Company, Lexington Insurance Company, Hilltop Specialty Insurance Company and Underwriters at Lloyd's London – Mitsui Sumitomo Insurance Company***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading has this date been served on all counsel of record in these proceedings by:

| | | | |
|---|---|---|---|
| ( ) | Hand Delivery | ( ) | Prepaid U.S. Mail |
| ( ) | Facsimile | ( ) | Federal Express |
| ( X ) | CM/ECF | | |

New Orleans, Louisiana this 14th day of June, 2024.

*/s/ Leah N. Engelhardt*
LEAH N. ENGELHARDT