UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMON J. BALDONE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1903** |
| **STARR SURPLUS LINES INSURANCE COMPANY, ET AL.** | **SECTION "O" (4)** |

## ORDER

Before this Court come Defendants Starr Surplus Lines Insurance Company ("Starr"), Lexington Insurance Company ("Lexington"), Hilltop Specialty Insurance Company ("Hilltop"), and Underwriters at Lloyd's, London – Mitsui Sumitomo Insurance Company (Europe) Ltd., ("Mitsui"), collectively referred to here as "Defendants," who move to stay[1] the Magistrate Judge's order[2] compelling Defendants to produce certain documents by July 26, 2024. Plaintiff Damon J. Baldone, LLC opposes[3] the motion to stay and Defendants filed a reply.[4] For the following reasons, Defendants' motion to stay is **GRANTED.**

On July 12, 2024, the Magistrate Judge issued a 75-page order requiring Defendants to produce certain documents over which they maintain a claim of privilege.[5] The Magistrate Judge also awarded Plaintiff attorney's fees due to Defendants' failure to comply with the Court's Hurricane Ida Case Management Order (CMO).[6] Defendants subsequently moved this Court for review of the

---

[1] ECF No. 151.
[2] ECF No. 142.
[3] ECF No. 162.
[4] ECF No. 163.
[5] ECF No. 142.
[6] *Id.*

Magistrate Judge's order under Rule 72(a).[7] Simultaneously, Defendants moved to stay the imposition of the Magistrate Judge's order.[8]

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In determining whether to stay a Magistrate Judge's order pending Rule 72 objections, courts generally apply the same four-factor test for a stay pending appeal. *Id.* at 434. *See Pablovich v. Rooms to Go Louisiana Corp.*, No. CV 20-617, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021) (Fallon, J.). Those "*Nken* factors" are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434. Here, the Court finds the *Nken* factors warrant a stay.

First, Defendants argue that they are likely to succeed on the merits because the disputed documents are "clearly privileged."[9] Defendants contend that "the Magistrate Judge has not reviewed, *in camera*, many of the pages of privileged documents that she ordered produced."[10] Defendants fail to articulate in their motion to stay, however, what documents Defendants provided to the Magistrate Judge for *in camera* review, nor do Defendants explain why the Magistrate Judge's review of privilege logs, in lieu of documents themselves, would have been insufficient to

---

[7] ECF No. 150.
[8] ECF No. 151.
[9] ECF No. 163 at 5.
[10] *Id.*

2

conduct a privilege analysis. As Plaintiff argues to the contrary, the Magistrate Judge's "detailed 75-page [o]rder" suggests she performed a "thorough review" of Defendants' claims.[11] Based on the limited briefing in the motion to stay, this factor is at best neutral.

Second, Defendants claim they will be irreparably injured if required to turn over documents later deemed privileged.[12] Indeed, if Defendants were required to produce privileged and/or protected communications or documents, they risk suffering immediate, irreparable harm. Once information subject to the attorney-client privilege or work product doctrine is disclosed, the right of nondisclosure cannot be restored.

As for the third factor, there is no trial date set in this matter, which is still governed by the CMO. Plaintiff will not be substantially injured by a temporary stay that allows the Court time to consider the Magistrate Judge's order. Accordingly, this factor supports a stay.

Lastly, the public interest weighs in favor of granting a stay. As the "oldest of the privileges for confidential communications, the attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice." *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 720 (5th Cir. 1985). As a long-protected form of communication, the Court finds this protection is paramount to the public interest.

---

[11] ECF No. 162 at 7.
[12] ECF No. 151-1 at 2–3.

Accordingly,

**IT IS ORDERED** that Defendants' motion to stay the Magistrate Judge's order on Plaintiff's motion to compel pending disposition of Defendants' objections and motion for review under Rule 72(a) of the Magistrate Judge's order is **GRANTED**.

New Orleans, Louisiana, this 13th day of September, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE