UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAMON J. BALDONE, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 22-1903 |
| STARR SURPLUS LINES INSURANCE COMPANY, ET AL. | * | SECTION "O" (2) |

## **ORDER AND REASONS**

Defendants filed a "Response to Plaintiff's Improper Submission" docketed as a Motion to Strike. ECF No. 245.

A motion to strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." By its own terms, a motion to strike is directed to pleadings, which Rule 7 defines as the complaint, answer, answer to a counterclaim, answer to a crossclaim, third-party complaint, and reply to an answer. FED. R. CIV. P. 7(a). Although the Fifth Circuit has not definitively addressed whether a Rule 12(f) motion targeting a brief is appropriate in light of Rule 7(a),[1] other circuits have limited Rule 12(f) motions to pleadings to deny Rule 12(f) motions directed to motions, briefs or memoranda.[2] Commentators and numerous decisions from this district and other districts are in accord.[3] As Plaintiff's filing is not a "pleading" under

---

[1] *United States v. Coney*, 689 F.3d 365, 379 n.5 (5th Cir. 2012) (assuming, without deciding, that a Rule 12(f) motion may be directed towards filings other than pleadings as defined by Rule 7(a)).

[2] *See, e.g.*, *Searcy v. Social Sec. Admin.*, 956 F.2d 278 (10th Cir. 1992) (unpublished) (adopting R&R holding that Rule 12(f) does not apply to motions and memoranda).

[3] *Sharkey v. Humphreys Cnty.*, No. 18-17, 2020 WL 2527027, at *1 (N.D. Miss. May 18, 2020) (citing 5C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed.) ("However, as the cases make clear, it is n[ot] an authorized nor a proper way . . . to strike an opponent's affidavits . . . Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).")); 2 MOORE'S FEDERAL PRACTICE § 12.37 [2] (3d ed. 1999) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."); *Robles v. Quirch Foods, LLC*, No. 24-251, 2025 WL 871606, at *4 (E.D. La. Mar. 20, 2025) (Long, J.) (denying motion to strike motion to dismiss because motions are not pleadings within the scope of Rule 12(f)), *aff'd*, No. 25-30278, 2025 WL 2908822 (5th Cir. Oct. 14, 2025); *Girod Titling Tr. v. Pittman Assets, LLC*, No. 24-1993, 2024 WL 4471458, *4 (E.D. La. Oct. 11, 2024) (Vitter, J.) (holding that motion to remand is not a pleading within the scope of Rule 12(f)); *Pruco Life Ins. Co. v.*

Rule 7, it is not properly subject to a Rule 12(f) motion to strike.

To the extent that the memorandum is characterized as an improper supplemental memorandum, it was filed without leave of court and is improper. Accordingly, the Court will disregard the substance of the filing at ECF No. 239 and consider only the attached documents at ECF Nos. 239-1 through 239-24, some of which were introduced during the February 3, 2026 evidentiary hearing.

Accordingly, for the foregoing reasons, the Motion to Strike is DENIED.

New Orleans, Louisiana, this ___3rd___ day of February, 2026.

*[signature]*

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

*Breen*, No. 15-3250, 2018 WL 4503945, at *5 (E.D. La. Sept. 20, 2018) (Vance, J.) (denying motion to strike directed to response to a motion); *Wells Fargo Bank, N.A. v. Jones*, No. 07-3599, 2008 WL 11354976, at *2 (E.D. La. June 26, 2008) (Berrigan, J.) (denying motion to strike brief because Rule 12(f) applies to "pleadings," and briefs are not pleadings); *Caliber Home Loans, Inc. v. Cove*, 346 F.R.D. 65, 70 (N.D. Tex. 2024) (internal citation and quotation marks omitted) (holding that discovery responses and answers are not subject to a Rule 12(f) motion to strike); *S. River Watershed All., Inc. v. DeKalb Cnty.*, 484 F. Supp. 3d 1353, 1362 (N.D. Ga. 2020) (noting that Rule 12(f) only contemplates the striking of a pleading, and therefore, "[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike"); *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, No. 13-6397, 2019 WL 3817389 (E.D.N.Y. Aug. 14, 2019) (noting that second circuit courts regularly deny Rule 12(f) motions targeting briefs and memoranda as opposed to pleadings); *Circle Grp., LLC v. Southeast. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1349 (N.D. Ga. 2011) (noting that "[m]otions to strike are governed by Federal Rule of Civil Procedure 12(f)," which "rule applies to pleadings, not to motions or briefs filed in support of motions"); *Jeter v. Montgomery Cnty.*, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007) ("The terms of Rules 12(f) and 7(a) make clear that only material included in a pleading may be [the] subject of a motion to strike and that motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike." (quotations and citations omitted)); *Int'l Longshoremen's Ass'n, S.S. Clerks Loc. 1624 v. Virginia Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) (explaining a motion to strike is not appropriate for briefs and affidavits because they are not "pleadings" within the meaning of Rule 12(f)); *Hrubec v. National R.R. Passenger Corp.*, 829 F. Supp. 1502, 1506 (N.D. Ill. 1993) (observing that objections to a magistrate judge's report and recommendation, a footnote in a memorandum, a motion to strike, and a party's supporting memorandum are not "pleadings" and therefore are not candidates for Rule 12(f)).